**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5171-18
A-0911-19

RUTGERS, THE STATE
UNIVERSITY OF NEW JERSEY,

     Plaintiff-Appellant,

v.

TEON D. RUSSELL,

     Defendant-Respondent.

_____

RUTGERS, THE STATE
UNIVERSITY OF NEW JERSEY,

     Plaintiff-Appellant,

v.

MICHAEL J. MOONEY,

     Defendant-Respondent.

_____

Submitted May 3, 2021 – Decided June 29, 2021

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket Nos. DC-003227-19 and DC-005799-19.

Gordin & Berger, PC attorneys for appellant (Daniel A. Berger on the brief).

Respondents have not filed a brief.

PER CURIAM

In these one-sided, consolidated appeals, plaintiff Rutgers, the State University of New Jersey (Rutgers), appeals from the provisions of two orders of the Special Civil Part awarding it a smaller amount of collection costs on defaulted student loans than it sought in its complaints. We vacate the provisions of the orders under appeal, and remand for entry of orders awarding Rutgers the full collection costs sought in its complaints.

I.

The following facts are derived from the record. Defendants Teon D. Russell and Michael J. Mooney were students at Rutgers when the university lent them money through the Federal Perkins Loan Program (Loan Program) to assist in meeting the costs of their postsecondary education. Rutgers lent Russell $6500 and Mooney $2000.

The defendants each signed a promissory note memorializing their obligation to repay the loans. The promissory notes state that they are to be

interpreted consistent with the federal statute creating the Loan Program, Title IV-E of the Higher Education Act of 1965 (HEA), 20 U.S.C.A. § 1087aa to -ii, and the regulations promulgated thereunder.

The notes provide that if the borrower fails to make a payment when due, the lender may declare the loan in default, accelerate the loan, and "demand immediate payment of the entire unpaid balance of the loan, including principal, interest, late charges, and collection costs." The borrowers also promised that if they failed to make any payment when due they would "pay all reasonable collection costs, including attorney['s] fees, court costs, and other" fees.

Teon D. Russell

Russell made no payments on his promissory note. Rutgers accelerated the note and, on March 28, 2019, filed a complaint against Russell in the Special Civil Part, alleging breach of contract. Rutgers sought a judgment in the amount of $10,547.24 as follows:

| | |
|---|---|
| Principal | $ 6,500.00 |
| Interest (to date of filing) | $ 1,001.96 |
| Late Fees | $ 32.50 |
| Collection Costs | $ 3,012.78 |
| Total | $10,547.24 |

A-5171-18

Russell filed an answer admitting that he owed "this debt" and stating that he "agreed to pay the plaintiff in monthly installments."  Rutgers subsequently moved for judgment on the pleadings.  Russell did not oppose the motion.

On June 5, 2019, the trial court sua sponte scheduled a proof hearing as to Rutgers's request for collection costs.  Rutgers subsequently filed a certification of Rashod Jones, its Business Manager of Operations, explaining how it calculated the collection costs sought in the complaint.  Jones certified that Rutgers has a contingency fee arrangement with a law firm to assist with the collection of delinquent Loan Program accounts.

Jones explained that the contingency fee is 28.5% of all amounts collected, including fees on fees.  In order to make the Loan Program whole, as intended by federal regulations, Rutgers charges borrowers a rate of 40% of all amounts recovered for collection costs.  This rate allows Rutgers to both pay the contingency fee and collect the full amount the borrower owes on the defaulted promissory note.

An attorney from the law firm with which Rutgers has the contingency fee arrangement also submitted a certification.  He certified that in addition to the legal services performed to obtain the judgment, the firm can reasonably expect to spend at least forty-eight hours performing legal services if the judgment is

4

entered in full and Russell were to satisfy it over ten years with equal monthly payments at the judgment interest rate. The attorney explained that the expected future legal services would include receiving and processing payments, creating monthly statements acknowledging receipt of payment and reminding of the next due date, maintaining accurate accounting records for various escrow accounts, and making monthly remittances.

On June 20, 2019, the trial court entered an order granting Rutgers's motion for judgment on the pleadings in the full amount of principal, interest, and late fees sought in the complaint. With respect to collection costs, the trial court, in a written statement of reasons, found the $3,035.45 sought by Rutgers was not required by federal regulations implementing the Loan Program.[1] The court concluded that a federal regulation placed a cap on collection costs of 40% of the amount of the judgment, but did not require that percentage. The court, therefore, decided it would determine reasonable collection costs without applying the 40% formula.

The court rejected counsel's representation that the firm spent approximately six hours on the matter, finding that securing a judgment against

---

[1] The amount of collection costs exceeds the amount alleged in the complaint because interest accrued after the filing of the complaint. The increase in interest resulted in an increase in the collection costs sought by Rutgers.

Russell, who admitted his liability, should not have entailed a significant amount of legal services. The court concluded that "only an award based on time spen[t] drafting the complaint and the motion for judgment on the pleadings is warranted."

The court refused to consider time spent opening the file, sending or receiving correspondence from Rutgers, and communicating with Russell. In addition, the court was "unwilling to count the time spent on this proof hearing," including drafting responses to the court's inquiry, travelling to the courthouse, waiting for the hearing, and appearing before the court. The court also refused to consider the expectation of future legal services to collect on the judgment.

The court awarded Rutgers $750 in collection costs, although it provided no explanation of how it reached that figure. It appears the court accepted counsel's representation that the firm spent approximately one to one-and-one-half hours drafting the complaint and one to one-and-one-half hours drafting the motion, but made no precise finding with respect to the number of hours it found reasonable or a reasonable hourly rate.

A-5171-18

As a result of its findings, the court entered an order awarding Rutgers $8,338.62 ($6500 + $1,056.12 + $32.50 + $750 = $8,338.62).[2]

Michael J. Mooney

Mooney made no payments on his promissory note. Rutgers accelerated the note and, on June 5, 2019, filed a complaint against Mooney in the Special Civil Part, alleging breach of contract. Rutgers sought a judgment in the amount of $4,175.93 as follows:

| | |
|---|---|
| Principal | $2,000.00 |
| Interest (to date of filing) | $ 924.81 |
| Late Fees | $ 58.00 |
| Collection Costs | $1,193.12 |
| Total | $4,175.93 |

Collection costs were calculated using the same formula applied to Russell.

On July 16, 2019, the court clerk entered default against Mooney. Rutgers later moved for entry of default judgment. The trial court set a proof hearing.

On September 26, 2019, the trial court entered an order awarding Rutgers the full amount of principal, interest, and late fees sought in the complaint.[3] In a written statement of reasons, the trial court incorporated the statement of reasons it issued in the Russell matter.

---

[2] The court struck from the form of order an award of court costs of $7.60.

[3] The award included interest accrued after the filing of the complaint.

In addition, the court rejected Rutgers's argument that the requested method of calculating collection costs was reasonable because borrowers in the Loan Program have a number of avenues, including applying for deferral, forbearance, consolidation, and rehabilitation, through which they can avoid litigation and collection costs. The court was not persuaded by the argument that because Mooney did not take advantage of those options and forced Rutgers to pursue a judicial remedy, it was reasonable for him to be assessed collection costs at the 40% rate.

The court determined the amount of collection costs by reference to its award of $750 in collection costs in the Russell matter. In that matter, the court found $750 to be reasonable because Rutgers filed a complaint and a motion for judgment on the pleadings. Because no motion was necessary in the Mooney matter, the court found that half of the amount awarded in Russell, $375, would be reasonable collection costs. The court awarded Rutgers $3,382.80 ($2000 + $949.80 + $58 + $375 = $3,382.80).

Rutgers appealed the June 20, 2019 order in the Russell matter and the September 26, 2019 order in the Mooney matter. We consolidated the appeals.

Rutgers argues the trial court erred when it failed to follow federal regulations which preempt state law and establish the legal framework for

8

determining reasonable collection costs in a breach of contract action relating to a promissory note issued under the Loan Program.[4]

II.

Federal regulations require lending institutions in the Loan Program to engage in a "series of more intensive efforts, including litigation . . . to recover amounts owed from defaulted borrowers who do not respond satisfactorily to the demands routinely made as part of the institution's billing procedures." 34 C.F.R. § 674.45 (a). Where a borrower does not respond to a final demand letter, a lending institution must either use its own personnel or engage a collection firm to collect the amount due. 34 C.F.R. § 674.45 (a)(2)(i) and (ii).

If twelve months of collection activity by a collection firm does not succeed in bringing a delinquent loan into regular payment status, the lending institution must make a second effort at collection or initiate litigation to collect the amount due. 34 C.F.R. § 674.45 (c)(1)(i) and (ii). The lending institution "shall assess against the borrower all reasonable costs incurred by the institution with regard to a loan obligation," 34 C.F.R. § 674.45 (e)(1), and

> shall determine the amount of collection costs that shall
> be charged to the borrower . . . based on either . . .

---

[4] Rutgers also argues that the trial court erred by not enforcing the terms of the promissory notes and misapplied principles of equity. Because we resolve the appeals based on the federal regulations we need not address those arguments.

[a]ctual costs incurred . . . with regard to the individual borrower's loan; or . . . [a]verage costs incurred for similar actions taken to collect loans in similar stages of delinquency.

[34 C.F.R. § 674.45 (e)(2)(i) and (ii).]

"[R]easonable collection costs charged to the borrower may not exceed . . . [f]or collection efforts resulting from litigation, 40 percent of the amount of principal, interest, and late charges collected plus court costs." 34 C.F.R. § 674.45 (e)(3)(iii). "The [Federal Perkins Loan] Fund must be reimbursed for collection costs initially charged to the Fund and subsequently paid by the borrower." 34 C.F.R. § 674.45 (e)(4).

Importantly, the federal regulation provides that "[t]he provisions of this section preempt any State law, including State statutes, regulations, or rules, that would conflict with or hinder satisfaction of the requirements or frustrate the purpose of this section." 34 C.F.R. § 674.45 (g).

Having carefully reviewed the record, we conclude that the federal Loan Fund regulations preempt the trial court's award of collection costs to Rutgers based on what it considered to be, in essence, a reasonable attorney's fee for services provided to obtain the orders under review. Federal regulations authorize Rutgers to collect delinquent Loan Fund promissory notes through litigation and to retain a collection firm to assist in that endeavor. In addition,

the regulations require the delinquent borrower to pay Rutgers's collection costs, which necessarily include the fees Rutgers pays to its collection firm. Collection costs, if charged to the Fund, must be reimbursed to the Fund once recovered from the borrower.

After routine collection efforts fail and a lending institution resorts to litigation to collect a delinquent loan, the regulations cap reasonable collection costs at 40% of the principal, interest, late fees, and court costs awarded in a judgment. When the 40% collection costs rate is applied, a 28.5% contingency fee permits Rutgers to both pay its collection firm for its services and recover the full amount due on a delinquent loan. This fulfills the evident intention of the federal regulations to preserve the Fund and its ability to make loans in the future.

The trial court frustrated the purpose of the federal regulations when it, in effect, shifted to Rutgers, and ultimately the Fund, the 28.5% contingency fee that must be paid to the collection firm on the full amount awarded to the university in these matters. The challenged provisions of the order are, therefore, preempted by the federal regulations. The trial court was bound by the regulation's endorsement of the 40% formula as reasonable and, by implication, the 28.5% contingency fee paid by Rutgers.

11

The provisions of the orders under appeal awarding Rutgers collection costs against Russell and Mooney are vacated. The matters are remanded for entry of orders awarding Rutgers collection costs against each defendant in an amount equal to 40% of the total amount of principal, interest, and late fees awarded to Rutgers against that defendant.

Vacated and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-5171-18